**MANDATE**

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

<u>SUMMARY ORDER</u>

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 16th day of May, two thousand and six.

Present:
>HON. WILFRED FEINBERG,
>HON. SONIA SOTOMAYOR,
>HON. PETER W. HALL,
>   *Circuit Judges.*

---

TERESA T., ZAZSHEEN P., a minor child,
MATTHEW T. GILBRIDE, Esq., PPA for Zazsheen P.,

>*Plaintiffs-Appellants,*

v.                                                                  No. 03-6056
                                                                    02-cv-1036 AVC
UNITED STATES OF AMERICA,                                           NHCT/CONN

>*Defendant-Appellee.*

---

Appearing for Appellants:   RAYMOND J. RIGAT, Gilbride & Rigat, Clinton, CT.

Appearing for Appellee:     BRENDA M. GREEN, Assistant United States Attorney (Kevin J. O'Connor, United States Attorney for the District of Connecticut, *on the brief*; Sandra S. Glover, Assistant United States Attorney, *of counsel*), New Haven, CT.

---

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the case is REMANDED to United States District Court for the District of Connecticut (Alfred V. Covello, J.) for further proceedings consistent with this order.

Issued as mandate – 7/20/06

Plaintiffs-appellants Teresa T. and Zazsheen P. appeal from a judgment of the district court granting defendant's motion to dismiss the case on the ground that plaintiffs' claim under the Federal Tort Claims Act (FTCA) is time-barred. We assume the parties' familiarity with the facts of this case, its relevant procedural history, and the issues on appeal.

Plaintiffs argue that the two-year limitations period of 28 U.S.C. § 2401(b) should be equitably tolled in this case because, *inter alia*, their parents were no longer their legal guardians shortly after the time their claim accrued and, as wards of the state, they had no adult who stood in the shoes of their parents and had a generalized duty to act in their best interests. Because the district court did not directly address this issue in granting defendant's motion to dismiss,[1] we remand the case for further proceedings. On remand, the district court should consider the following issues in the first instance.

We have previously stated that "[i]t is firmly established that the two-year period [for making a claim under the FTCA] is not tolled by a claimant's minority." *Leonhard v. United States*, 633 F.2d 599, 624 (2d Cir. 1980). Our sister circuits have indicated that infancy does not toll the limitations period because a parent or guardian is considered to be an adequate surrogate who can safeguard a minor's rights. *See, e.g.*, *Barnhart v. United States*, 884 F.2d 295, 299 (7th Cir. 1989) (noting that where a plaintiff who is a minor has parents who could have taken the initiative in instituting a legal action or an appointed guardian with a similar responsibility, there is no reason to toll the FTCA's limitations period on the basis of infancy). The issue presented in this case is whether, during the relevant period of time, there was anyone charged with safeguarding the plaintiffs' best interests as a *general* matter, beyond the scope of the state juvenile-court proceedings, who could have been expected to pursue other litigation on their behalf. If the plaintiffs were wards of the state and had no guardian with a generalized responsibility to safeguard their best interests, they would have had no surrogate who could have been expected to file suit on their behalf by January 1999,[2] and equitable tolling of the FTCA's limitations period may be appropriate.

---

[1] In rejecting plaintiffs' equitable tolling argument, the district court stated simply that "the plaintiffs' failure to file a claim was not due to inequitable circumstances." In rejecting plaintiffs' due process argument, the district court concluded that counsel was aware that the plaintiffs could have asserted claims against the United States but feared that filing suit would undermine the cooperation of Dr. Windom and the clinic that was essential to safeguard the children's best interests in the juvenile-court proceedings. For the reasons to be discussed *infra*, however, the district court did not consider whether counsel had a *responsibility* with respect to the plaintiffs that encompassed pursuing their legal rights beyond the scope of the state juvenile-court proceedings in which counsel was appointed.

[2] We note that the interests of the state may have been adverse to those of the plaintiffs. Plaintiffs named the Connecticut Department of Children and Families as a defendant in the complaint they filed in their initial lawsuit in June 2000.

Although counsel, whose law partner has acted as the plaintiffs' next friend in bringing this and a previous action, has proffered that he was appointed to represent the plaintiffs in state juvenile-court proceedings pursuant to Connecticut General Statute § 46b-129a, and therefore may have been appointed also as their guardian ad litem, it is not clear to us what the scope of counsel's appointment was or whether he had any general responsibilities with respect to the children's best interests that extended beyond the juvenile-court proceedings in which he was appointed. We note initially that appointed counsel in juvenile-court proceedings may have no such general responsibilities under Connecticut law. *Caron v. Adams*, 638 A.2d 1073, 1076-78 (Conn. App. 1994). Although the issue of the scope of a guardian ad litem's responsibility under Connecticut law was not briefed extensively on this appeal, we find some limited guidance in a decision of the Appellate Court of Connecticut. In *In re Tayquon H.*, the court indicated that "it is clear as a general proposition that guardianship includes both the duty and responsibility to safeguard a minor's best interest as well as to protect the minor's legal rights." 821 A.2d 796, 801-02 (Conn. App. 2003). Whether the scope of a guardian ad litem's duty under Connecticut law is more narrowly circumscribed, and therefore less general, than that of a parent or custodial guardian, however, is not evident. The Appellate Court of Connecticut has provided an illustrative list of a guardian ad litem's duties:

> Among the responsibilities of a volunteer guardian ad litem are to maintain complete written records about the case, report any incidents of child abuse, interview the parties, including the child, determine if a permanent plan has been developed for the child, assure that the child's best interest is being represented at every stage of the case, attend all hearings, monitor the case by visiting the child as often as necessary to verify that court orders are being followed, participate in formulating the child's permanent plan and remain engaged in the case until discharged by the court.

*Id.* at 805. The court has also stated that "[t]he duties of the guardian ad litem, however, are contextually specific to the case at hand, and the scope of those duties should be set by the trial court judge and communicated to the guardian ad litem." *Id.* at 807. In light of these and other relevant precedents, we invite the district court on remand to consider the clarity, or lack thereof, of Connecticut law on the scope of appointed counsel's or a guardian ad litem's duties and to make findings on whether plaintiffs were wards of the state and whether anyone had been charged with the responsibility of safeguarding their interests outside of the juvenile-court proceedings. Finally, we bring to the district court's attention in considering this case on remand, without attaching any particular significance to our observation, the fact that both of plaintiffs' federal lawsuits were brought by a next friend rather than by counsel as their guardian ad litem.

Pursuant to the procedure outlined in *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir.1994), we REMAND this case to the district court for further findings on the issue identified in this order. Either party may restore jurisdiction to this panel within 30 days of the district court's further findings on remand by letter to the Clerk's Office seeking review.

3

FOR THE COURT:
ROSEANN B. MACKECHNIE, CLERK

By: *Lucille Carr*

A TRUE COPY
Roseann B. MacKechnie, CLERK

by_____
DEPUTY CLERK